OPINION
{¶ 1} Defendant-appellant, Donald Rich, appeals a lower court determination that he is a sexual predator pursuant to R.C. 2950.09. Finding no error, we affirm appellant's classification as a sexual predator.
 {¶ 2} Appellant, originally indicted for burglary and rape, pleaded guilty to the lesser offenses of burglary and sexual battery. During appellant's sentencing hearing, the state introduced the reports of two psychologists who examined appellant. According to the reports, appellant exhibited an anger management problem that was directed towards women, possessed a personality disorder exacerbated by his alcoholism, and failed to accept responsibility for his actions, even going so far as to accuse the victim in this incident as being the aggressor.
 {¶ 3} Both psychologists concluded that appellant presented a high risk of recidivism, noting his extensive past criminal history and personality disorder. Additional evidence at the hearing indicated that appellant had committed two documented incidents of sexual molestation in the past, one of which resulted in a gross sexual imposition conviction involving a seven-year-old child.
 {¶ 4} The trial court sentenced appellant to a four-year prison term and classified him as a sexual predator.
 {¶ 5} On appeal, appellant's sole assignment of error claims that the trial court's sexual predator determination is against the manifest weight of the evidence.
 {¶ 6} A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Appellant pled guilty to sexual battery, a sexually oriented offense. See R.C. 2950.01(D)(1).
 {¶ 7} R.C. 2950.09(B)(2)(a)-(j) lists the factors a trial court must consider in determining whether a person is a sexual predator. The statute does not require that each factor be satisfied in order to find that the subject is a sexual predator. State v. Lagow, Butler App. No. CA2001-06-144, 2002-Ohio-557. A determination that an offender is a sexual predator must be supported by clear and convincing evidence. Id. See, also, State v. McCullough, Fayette App. No. CA2001-02-004, 2001-Ohio-8703. Clear and convincing evidence is evidence that will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Lagow, citing Cross v. Ledford
(1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 8} Having reviewed the record, we conclude that the evidence showing appellant's personality disorder, his abuse of alcohol, his anger management problem directed towards women, and his previous criminal record including sexually oriented offenses, is sufficient to provide a firm belief or conviction that appellant is likely to commit one or more sexually oriented offenses in the future. We conclude that appellant's classification as a sexual predator is supported by clear and convincing evidence. Appellant's sole assignment of error is therefore overruled.
 {¶ 9} Judgment affirmed.
WALSH, P.J., and YOUNG, J., concur.